IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIGNATURE FLIGHT SUPPORT CORP., ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> TACV CABO VERDE AIRLINES, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff Signature Flight Support Corp. ("Signature") brings this Complaint for breach of contract against defendant TACV Cabo Verde Airlines ("TACV").

## PARTIES

1.  Plaintiff Signature is a corporation organized and existing under the laws of Delaware with its principal place of business in Orlando, Florida.

2.  Defendant TACV is a foreign corporation organized and existing under the laws of Cabo Verde (also known as "Cape Verde") with its principle place of business in Cabo Verde. TACV is registered as a foreign corporation in the State of Rhode Island.[1]

---

[1] The Massachusetts Secretary of the Commonwealth records indicate that TACV was registered as a foreign corporation in Massachusetts from October 14, 1987, until its registration was involuntarily revoked on August 31, 1998. *See* TACV Massachusetts Business Entity Summary, attached as Exhibit A. TACV has been registered in Rhode Island since May 13, 2015. *See* TACV Rhode Island Division of Business Summary, attached as Exhibit B.

## JURISDICTION AND VENUE

3. Diversity exists because Signature is a Delaware Corporation with a principle place of business in Florida, and TACV is a foreign corporation existing under the laws of Cabo Verde with a principle place of business in Cabo Verde.

4. The amount in controversy between plaintiff and defendant exceeds the sum of $75,000, exclusive of interest and attorneys' fees.

5. The Court has subject matter jurisdiction under 28 U. S. C. § 1332.

6. Venue is proper in this District because the claims and events giving rise to the claims arose or occurred in this District.

7. This Court has personal jurisdiction over TACV because, *inter alia*, TACV established a business relationship with Signature in the Commonwealth, entered into a contract in the Commonwealth which was performed in the Commonwealth, and conducted business in the Commonwealth.

## FACTUAL BACKGROUND

8. Signature is the world's largest network of Fixed Base Operators ("FBO")[2], with over 100 locations, including Logan International Airport ("Logan Airport") in Boston, Massachusetts. Signature's FBOs deliver essential support services for business and private aviation, including refueling, hangarage, and a variety of other amenities essential to the safe and efficient operation of an aircraft.

---

[2] According to the United States Department of Transportation, Aviation Administration, a FBO is a commercial business granted the right by an airport to operate on the airport and provide essential flight services. In common practice, a FBO is a primary provider of support services to general aviation operators at a public-use airport either located on airport leasehold property or, in rare cases, adjacent to airport leasehold property as a through the fence operation.

9. TACV is an airline owned by the Cabo Verde government that is based in Cabo Verde, an island country located off the Northwest coast of Africa.

10. For several years, TACV offered customers direct flights to Boston's Logan Airport and used Signature's FBO services.

11. Logan Airport requires that airlines, including TACV, pay certain fees including, *inter alia*, alternate facility fees, airport landing fees, passenger fees for inbound and outbound international flights, check in fees, and baggage fees.

12. Logan Airport entered into an agreement with Signature whereby Signature would collect the fees owed from TACV on Logan Airport's behalf, and in exchange, Signature was permitted to charge TACV a ten percent commission.

13. Signature and TACV entered into an oral agreement whereby Signature agreed to advance fees owed by TACV to Logan Airport, and then collect those fees directly from TACV in exchange for a ten percent commission from TACV.

14. Wire transfer records, attached as Exhibit C, show TACV's payment history for this agreement. TACV noted in the transfer record that payments were being made: "AS PER AGREEMENT TACV-SIGNATURE."

15. E-mail correspondence between the parties indicates that as of December of 2014, TACV was delinquent on payments and that Signature agreed to work out a payment plan to bring TACV's account into compliance. *See* E-mail from Marco Pereria (TACV) to Rheal Gagnon (Signature), dated December 6, 2014, attached as Exhibit D.

16. During that correspondence, on December 6, 2014, Mr. Pereria told Signature, "I understand we have not done yet a payment of $ 20,000, per [*sic*] agreed plan.  We have the commitment in mind, and we are convinced that payment can be done next week . . .". *See id.*

17. TACV's account was again delinquent in May of 2015 and the parties had correspondence regarding payment. *See* E-mail from Marco Pereria to Rheal Gagnon, dated June 4, 2015, attached as Exhibit E (Mr. Pereira states: "I ask Mr. Alex to view with HQ- Finance the ways to allow that further payments may be done, to go on reducing the amount outstanding. We regret, it won't be possible to settle the full amount at once.").

18. Signature advanced fees to Logan Airport on TACV's behalf in May and June of 2015, totaling $103,004.62. *See* Invoice dated May 26, 2015 ("May Invoice"), attached as Exhibit F; Invoice dated June 29, 2015 ("June Invoice"), attached as Exhibit G.

19. TACV failed to pay the amounts due to Signature for the fees advanced on TACV's behalf and the corresponding commission, as described in the May and June Invoices.

20. After TACV's failure to pay, Signature sent a demand letter dated July 30, 2015 ("Demand Letter") by e-mail to Marco Pereira, Executive Board Member of TACV, requesting payment of the past due amounts. *See* Demand Letter, attached as Exhibit H.

21. Mr. Pereira responded by e-mail that same day and did not deny that payment was due to Signature. He stated:

> I regret we have not been able to pay so far.
>
> I think we have been in communication a few times, and we want to honor our commitments ,[*sic*] but we have not indicated precise dates and value of payments to be made as indeed we have been facing an extremely hard situation. . . . [W]e regret that we have not been able to secure means to make payments to Signature. We will take the Letter and deadlines submitted in consideration ,[*sic*] and we will make our best efforts to comply.

*See* E-mail response to Demand Letter from Mr. Pereria, dated July 30, 2015, attached as Exhibit I.

22. No payment has been received to date from TACV for the May and June invoices.

23. TACV ceased operating out of Logan Airport, and, upon information and belief, now operates out of T. F. Green Airport, located in Rhode Island.

24. Signature no longer provides any services to TACV.

25. Signature brings this action to collect the amounts due and owing from TACV, plus the costs associated with bringing this action.

## COUNT I
### (Breach of Contract)

26. Signature repeats the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

27. TACV and Signature had an oral agreement whereby Signature agreed to advance fees owed by TACV to Logan Airport, in exchange for a ten percent commission.

28. Signature performed its obligations under the contract by advancing payment to Logan Airport on behalf of TACV for May and June of 2015.

29. TACV has not paid the amounts for advanced monies and commission due to Signature, as described in the May and June Invoices.

30. Signature is damaged in the amount of $103,004.62, plus the costs and fees associated with bringing this action.

## COUNT II
### (Unjust Enrichment)

31. Signature repeats the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

32. Signature provided a benefit to TACV by advancing fees owed by TACV to Logan Airport. In exchange for the benefit it received, TACV agreed to pay a ten percent commission to Signature.

33. TACV was aware that Signature was advancing fees on TACV's behalf and for its benefit.

34. TACV failed to pay the amounts owed to Signature.

35. TACV was unjustly enriched to Signature's detriment, in the amount of $103,004.62.

WHEREFORE, plaintiff Signature Flight Services respectfully requests that this Court:

A. Enter judgment in Signature's favor on all counts in the Complaint;

B. Award Signature $103,004.62, plus the costs incurred in bringing this action, including attorneys' fees, as damages for TACV's breach of the agreement between them; and

C. Award Signature such additional relief as the court deems just, proper and equitable.

Dated: December 16, 2015                SIGNATURE FLIGHT SERVICES,

                                        By its attorneys,

                                        */s/ Stephen M. LaRose*

                                        Stephen M. LaRose (BBO No. 654507)
                                        Morgan C. Nighan (BBO No. 679546)
                                        NIXON PEABODY LLP
                                        100 Summer Street
                                        Boston, MA  02110
                                        (617) 345-1119
                                        slarose@nixonpeabody.com
                                        mnighan@nixonpeabody.com

4834-6206-3913.4